# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:23-cv-00170-MR

| | |
|---|---|
| **LAMAR CANNADY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **MEMORANDUM OF** |
| **vs.** ) | **DECISION AND ORDER** |
| ) | |
| **POLK COUNTY SHERIFF** ) | |
| **DEPARTMENT, et al.,** ) | |
| ) | |
| **Respondents.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [Doc. 1], and on the Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

## I.    BACKGROUND

The pro se Petitioner is a pretrial detainee at the Henderson County Detention Center ("HCDC") on a Polk County charge of felony second degree murder by drug distribution, Case No. 22CRS000028.[1]  The Polk

_____

[1] The Court takes judicial notice of the Petitioner's file in Polk County Case No. 22CRS000028.  See Fed. R. Evid. 201.

County Superior Court set secured bond in the amount of $400,000.  [See Note 1, *supra*].

The Petitioner filed the instant § 2241 Petition on June 30, 2023.  [Doc. 1].  He claims: (1) "Excessive Bond of 400,000/local policy 100,000… Policy of 100,000/prisoners with same charge 80,000;" (2) "14th Amend due process (multiple areas).  Missing unreplacible evidence/ no investigation;" (3) "14th Amend due process violation.  Presenting known, or should have known false testimony to grand jury.  They have one sole witness with multiple statements."  [Doc. 1 at 6] (errors uncorrected).  The Petitioner did not raise any of these grounds in the state courts.[2]  [Id. (the § 2241 petition form states "Did you present [this] Ground … in all appeals that were available to you?" and Petitioner does not respond].  To explain why he did not pursue all available appeals, he states:

> I was denied my 6th amend self representation to go pro se on three accounts 10-31-22/ 2-28-23/ 4-24-23/ re: willfully refusing to discharge duties by counsel even after order by judge on 10-31-22. I continue to file motions, was given new counsel on 4-24-23.

---

[2] In an unsigned document attached to the § 2241 Petition, the Petitioner appears to assert that he exhausted his present claims by filing civil rights lawsuits in this Court, Case Nos. 1:22-cv-163-MR, 1:23-cv-74-MR, which have been dismissed.  [See Doc. 1-2 at 2; see also Case No. 1:23-cv-168-KDB (§ 1983 lawsuit that is presently pending)].  He also refers to another "habeas corpus" action that he purports to have filed in this Court, but the Court has no record of the Petitioner having filed any habeas action other than the instant case.

2

[Id. at 7] (errors uncorrected). For relief, he seeks "release on unsecure bond under G.S. 15-10 of speedy trial – or dismissed charges by due process violations." [Id.].

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

The Petitioner's Application shows that he has had an average monthly income of $20 during the past 12 months and that he expects to receive no income next month. [Doc. 2 at 1-2]. Petitioner reports having no assets or monthly expenses. [Id. at 2-5]. He further explains his inability to pay the costs of these proceedings as follows: "confined."[3] [Id. at 5]. The Court is satisfied that the Petitioner does not have sufficient funds to pay the filing fee and will grant the Petitioner's Application to proceed in forma pauperis.

## III. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254). Pro se pleadings are construed liberally. See generally Haines v. Kerner, 404

---

[3] A prisoner trust account statement that was recently filed in one of Petitioner's § 1983 cases indicates that his modest account balance is far exceeded by his debt for outstanding court-ordered fees. [See 1:23-cv-168, Doc. 7]; Fed. R. Ev. 201.

U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).  After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

As a preliminary matter, all of the Petitioner's claims are vague, conclusory, and lacking in factual support.  On this basis alone, the Petition is subject to dismissal.

The Petitioner's claims are also unexhausted on the face of the Petition.  A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a).  A pretrial detainee, however, is not "in custody" pursuant to a state court judgment a relief under § 2254 is not available.  See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987).  A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004).  Although § 2241

4

contains no express reference to exhaustion of state remedies, as does §
2254, exhaustion is required prior to filing a § 2241 petition.  See, e.g.,
Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung,
515 F.2d 437, 442-43 (3d Cir. 1975).  To satisfy the exhaustion requirement,
a habeas petitioner must present his claims to the state courts such that the
courts have the fair "opportunity to apply controlling legal principles to the
facts bearing upon [his] constitutional claim."  Picard v. Connor, 404 U.S.
270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (in
order to properly exhaust state remedies, "state prisoners must give the state
courts one full opportunity to resolve any constitutional issues by invoking
one complete round of the State's established appellate review process").

Here, the Petitioner admits that he did not exhaust his claims in the
North Carolina courts, and that his exhaustion efforts are underway.  [See
Doc. 1 at 7 (stating that he continues to file motions)].  He appears to rely on
his prior federal court filings to satisfy the exhaustion requirement; however,
he is required to exhaust his remedies in the North Carolina courts, not the
federal courts.  Picard, 404 U.S. at 275-77.  As the Petitioner has failed to
exhaust his state remedies before filing this action, the Petition is dismissed
without prejudice.

Even if the Petitioner had exhausted his claims, § 2241 relief appears to be precluded by abstention principles.  While federal courts have the jurisdiction to grant federal habeas relief in advance of trial, Younger v. Harris, 401 U.S. 37 (1971) "serves as an exception to the traditional rule that federal courts should exercise jurisdiction conferred on them by statute." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted).  In Younger, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. at 43-44. Under the  abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding.  Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); see also Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when Younger abstention is appropriate).

The first Younger prong is satisfied in the instant case because the Petitioner has ongoing criminal proceedings in state court.  The second

prong is satisfied because "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citation omitted). The third prong is satisfied because "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). The Petitioner has an adequate remedy at law with regard to his criminal prosecution, and he has failed to demonstrate the existence of narrow and extraordinary circumstances that warrant immediate consideration of his claims. Accordingly, the Petitioner's § 2241 claims are barred by Younger abstention.[4]

## IV.  CONCLUSION

For the reasons stated herein, the Petitioner's § 2241 Petition is dismissed without prejudice.

---

[4] Moreover, to the extent that the Petitioner seeks the dismissal of his pending criminal charges, such relief is not available by way of § 2241. See Dickerson v. State of Louisiana, 816 F.2d 220, 226 (5th Cir. 1987) ("[A]n attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus) (quoting Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)).

7

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: August 29, 2023

Martin Reidinger
Chief United States District Judge